IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMAAL LEWIS,

    Petitioner,

v.                                      Civil Action No. 5:14CV108
                                               (STAMP)
L.J. ODDO, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] petitioner filed his petition under 28 U.S.C. § 2241 ("§ 2241") while incarcerated at FCI Hazelton. The petitioner challenges the jurisdiction of the military as to his conviction. The petitioner, who was an active duty member of the United States Army, was convicted by court-martial of murder, aggravated assault with a firearm, and attempted robbery. He received a sentence of lifetime imprisonment. Upon review by the United States Army Court of Criminal Appeals and subsequently by the United States Court of Appeals for the Armed Forces, the petitioner's sentence was affirmed.

At issue now is the petitioner's § 2241 petition, to which the respondent filed a motion to dismiss. ECF Nos. 1 and 17,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

respectively. The petitioner also filed a motion for summary judgment, wherein he restates his prior arguments. ECF No. 25. In his § 2241 petition, the petitioner asserts two primary arguments. First, the petitioner believes that the United States Army lacked territorial jurisdiction. More specifically, he argues that his offense did not "happen within the special maritime and territorial jurisdiction." Therefore, according to the petitioner, the United States Army lacked jurisdiction to prosecute him. Second, the petitioner contends that the United States Army waived "primary jurisdiction" after the petitioner's arrest and arraignment by local police. In particular, the petitioner appears to argue that the United States Army violated his constitutional rights under the double jeopardy doctrine. Here, he notes that he was arraigned in state court before being transferred to the United States Army for trial by court-martial. According to the petitioner, his arraignment indicated when jeopardy attached, and therefore, the subsequent prosecution by court-martial violated his constitutional rights.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation. ECF No. 30. In his report and recommendation, the magistrate judge believes that the petitioner's petition should be denied and dismissed with prejudice for two reasons. First, the petitioner failed to raise his jurisdictional concerns in the military courts. Second, the petitioner's claims

lack merit. The petitioner did not file objections to the report and recommendation of the magistrate judge.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because no objections were filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). As the Supreme Court of the United States stated in United States v. United States Gypsum Co., "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." 333 U.S. 364, 395 (1948).

## III. Discussion

Under a clearly erroneous standard of review, this Court agrees with the findings of the magistrate judge for two reasons. First, the magistrate judge correctly states that the petitioner did not raise any jurisdictional challenges during his prior proceedings. As a more general matter, "federal civil courts have limited authority to review court-martial proceedings." Burns v. Wilson, 346 U.S. 137, 139 (1953). Further, "if a ground for relief

was not raised in the military courts, then the district court must deem that ground waived." Roberts v. Callahan, 321 F.3d 994, 995 (10th Cir. 2003) (citing Watson v. McCotter, 782 F.2d 10th Cir. 1986)). The record shows that the petitioner did not raise his current arguments in the prior proceedings. Therefore, on that ground alone, the petitioner's petition should be dismissed.

Second, notwithstanding the petitioner's waiver, the petition lacks any merit. The petitioner's argument that "territorial jurisdiction" did not exist fails based on the holding in Solorio v. United States, 483 U.S. 435 (1987). In Solorio, the Supreme Court held "that the requirements of the Constitution are not violated where, as here, a court-martial is convened to try a serviceman who was a member of the Armed Services at the time of the offense charged." Id. at 450-51. The Court upheld the petitioner's conviction in Solorio, despite the fact that the offense occurred in the petitioner's private home. In this case, the petitioner's argument must fail when applied to the facts and holding of Solorio. It does not matter that the petitioner's offenses allegedly occurred outside of military property. What matters is that the petitioner was a member of the Armed Services when he was charged, and therefore, jurisdiction is not at issue. Further, the magistrate judge correctly found double jeopardy did not attach so as to render his sentence unconstitutional. The petitioner was arraigned by civilian authorities, but was turned

4

over to the United States Army for trial by court-martial. For double jeopardy purposes, jeopardy attaches in a nonjury trial "when the court begins to hear evidence." Serfass v. United States, 420 U.S. 377, 388 (1975) (internal citations omitted). In a jury trial, jeopardy attaches "when a jury is empaneled and sworn." Id. (internal citations omitted). The petitioner believes that his arraignment in state court marks when jeopardy attached. The case law quoted above clearly defeats that argument. Therefore, the petitioner's constitutional rights under double jeopardy have not been violated. Thus, the findings of the magistrate are not clearly erroneous.

## IV. Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 30) is AFFIRMED AND ADOPTED. Accordingly, the respondent's motion to dismiss (ECF No. 17) is GRANTED and the petitioner's motion for summary judgment (ECF No. 25) is DENIED. The petitioner's petition is hereby DISMISSED WITH PREJUDICE. Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this

5

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   January 7, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE