IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMAAL LEWIS,

      Petitioner,

v.                                  Civil Action No. 5:14CV108
                                         (STAMP)

L.J. ODDO, Warden,

      Respondent.


**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING THE PETITIONER'S OBJECTIONS**

I.  Background

The pro se[1] petitioner filed his petition under 28 U.S.C. § 2241 ("§ 2241") while incarcerated at FCI Hazelton. The petitioner challenges the jurisdiction of the military as to his conviction. The petitioner, who was an active duty member of the United States Army, was convicted by court-martial of murder, aggravated assault with a firearm, and attempted robbery. He received a sentence of lifetime imprisonment. Upon review by the United States Army Court of Criminal Appeals and subsequently by the United States Court of Appeals for the Armed Forces, the petitioner's sentence was affirmed.

This Court initially entered a memorandum opinion and order affirming and adopting the report and recommendation by United

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

States Magistrate Judge Robert W. Trumble. ECF No. 32. Following that ruling, the petitioner filed objections to the report and recommendation of the magistrate judge. ECF No. 34. Those objections were initially overruled as untimely. For reasons appearing to the Court, the objections have now been considered timely. Therefore, this Court will review the report and recommendation of the magistrate judge under a _de novo_ standard of review.

Because this Court previously entered an opinion providing a factual basis and summary of the arguments, only a brief recitation of the background information is stated. In his § 2241 petition, the petitioner asserts two primary arguments. First, the petitioner believes that the United States Army lacked territorial jurisdiction. More specifically, he argues that his offense did not "happen within the special maritime and territorial jurisdiction." Therefore, according to the petitioner, the United States Army lacked jurisdiction to prosecute him. Second, the petitioner contends that the United States Army waived "primary jurisdiction" after the petitioner's arrest and arraignment by local police. Here, he notes that he was arraigned in state court before being transferred to the United States Army for trial by court-martial. According to the petitioner, his arraignment indicated when jeopardy attached, and therefore, the subsequent prosecution by court-martial violated his constitutional rights.

United States Magistrate Judge Robert W. Trumble then entered a report and recommendation. ECF No. 30. In his report and recommendation, the magistrate judge believes that the petitioner's petition should be denied and dismissed with prejudice for two reasons. First, the petitioner failed to raise his jurisdictional concerns in the military courts. Second, the petitioner's claims lack merit. The petitioner did not file objections to the report and recommendation of the magistrate judge.

The petitioner then filed objections to the report and recommendation. ECF No. 34. Those objections restate the petitioner's initial arguments. In particular, the petitioner reemphasizes that the United States Army lacked jurisdiction, and that double jeopardy attached so as to render his sentence unconstitutional.

For the reasons set forth below, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED.

## II.  Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed *de novo*.

III.  <u>Discussion</u>

After analyzing the report and recommendation and the petitioner's objections under a <u>de novo</u> standard of review, this Court's prior ruling remains unchanged. The petitioner did not raise any jurisdictional challenges during his prior proceedings. That was the case before he filed his objections, and that remains the case after reviewing them. This Court previously noted that "federal civil courts have limited authority to review court-martial proceedings." <u>Burns v. Wilson</u>, 346 U.S. 137, 139 (1953). Further, "if a ground for relief was not raised in the military courts, then the district court must deem that ground waived." <u>Roberts v. Callahan</u>, 321 F.3d 994, 995 (10th Cir. 2003) (citing <u>Watson v. McCotter</u>, 782 F.2d 10th Cir. 1986)). The record shows that the petitioner did not raise his current arguments in the prior proceedings. Therefore, considered under a <u>de novo</u> standard of review, the petitioner's petition should be dismissed.

Second, the petition and objections lack any merit. The petitioner repeatedly asserts his argument that the military lacked jurisdiction over him. The petitioner's argument that "territorial jurisdiction" did not exist fails based on the holding in <u>Solorio v. United States</u>, 483 U.S. 435 (1987). In <u>Solorio</u>, the Supreme Court held "that the requirements of the Constitution are not violated where, as here, a court-martial is convened to try a serviceman who was a member of the Armed Services at the time of

the offense charged." Id. at 450-51. The Court upheld the petitioner's conviction in Solorio, despite the fact that the offense occurred in the petitioner's private home. In this case, the petitioner's argument must fail when applied to the facts and holding of Solorio. It does not matter that the petitioner's offenses allegedly occurred outside of military property. What matters is that the petitioner was a member of the Armed Services when he was charged, and therefore, jurisdiction is not at issue. In his objections, the petitioner claims that the petitioner in Solorio was not "delivered to civilian authorities, thereby [waiving] jurisdiction." ECF No. 34. That assertion, however, lacks any merit. The United States Army did not waive jurisdiction over the petitioner in this case because he was originally arraigned by civilian authorities. The petitioner's attempt at differentiating Solorio from his case is unpersuasive and inaccurate.

The petitioner is also incorrect as to his claims of double jeopardy, both in his petition and objections, because double jeopardy did not attach so as to render his sentence unconstitutional. As this Court previously pointed out, the petitioner was arraigned by civilian authorities, but was turned over to the United States Army for trial by court-martial. For double jeopardy purposes, jeopardy attaches in a nonjury trial "when the court begins to hear evidence." Serfass v. United

States, 420 U.S. 377, 388 (1975) (internal citations omitted). In a jury trial, jeopardy attaches "when a jury is empaneled and sworn." Id. (internal citations omitted). The petitioner believes that his arraignment in state court marks when jeopardy attached. The case law quoted above clearly defeats that argument. The petitioner has not shown, as he characterizes it, an "overreach of authority which constitutes a violation of his constitutional rights[.]" ECF No. 34. Therefore, the petitioner's constitutional rights under double jeopardy have not been violated. Moreover, even after a de novo review, the petitioner's objections do not alter the prior ruling of this Court. Accordingly, the report and recommendation of the magistrate judge is AFFIRMED AND ADOPTED, and the petitioner's objections are OVERRULED.

## IV.  Conclusion

For the reasons set forth above, the report and recommendation of the magistrate judge (ECF No. 30) is AFFIRMED AND ADOPTED and the petitioner's objections (ECF No. 34) are OVERRULED. Accordingly, the respondent's motion to dismiss (ECF No. 17) is GRANTED and the petitioner's motion for summary judgment (ECF No. 25) is DENIED.  The petitioner's petition is hereby DISMISSED WITH PREJUDICE.  Further, it is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit

on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 27, 2016


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE